

# NUMBER 13-26-00375-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ESMERALDA GONZALEZ,                                                   **Appellant,**

## v.

ELIJAH KEITH ADAMS, JUDY ADAMS,
GAYLE MISENHIMER, JANET WHORTON,
AND SHARON SELF,                                       **Appellees.**

## ON APPEAL FROM THE 107TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West**

Appellant Esmeralda Gonzalez filed a notice of appeal regarding an "Order Granting Plaintiffs' Second Motion to Enforce Mediated Settlement Agreement" signed on April 14, 2026. Appellant's notice of appeal further stated that she was also seeking to

appeal all interlocutory and final orders signed by the "disqualified" judge of the trial court and "any subsequent orders signed" which relied on the orders signed by the "disqualified" judge. We dismiss the appeal for want of jurisdiction.

## I. APPLICABLE LAW

In general, we have appellate jurisdiction only over final judgments. *Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & nn.11–12 (Tex. 2001). A judgment is final for the purposes of appeal if it either "actually disposes of every pending claim and party" or "clearly and unequivocally states that it finally disposes of all claims and all parties." *Estate of Wheatfall*, 729 S.W.3d 788, 792 (Tex. 2026) (per curiam) (quoting *Lehmann*, 39 S.W.3d at 205). We also have jurisdiction to review certain interlocutory orders when authorized by statute; however, we strictly construe such statutes as narrow exceptions to the general rule requiring finality. *Rush Truck Ctrs. of Tex., L.P.*, 718 S.W.3d at 237; *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019).

"Most post-judgment orders made to carry into effect or enforce a judgment are not appealable because these orders are not themselves a final judgment or an order for which an appeal is statutorily authorized." *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see NextMetals Ltd. v. Sparkie Props., LLC*, No. 11-24-00233-CV, 2024 WL 4457037, at *1 (Tex. App.—Eastland Oct. 10, 2024, no pet.) (mem. op.). "Post-judgment orders that are not subject to appeal must be challenged by a petition for writ of mandamus." *Sunnyland Dev., Inc.*, 597 S.W.3d at 3; *see In re E.C.H.*, No. 09-24-00200-CV, 2024 WL 3980672, at *1 (Tex. App.—Beaumont Aug. 29, 2024, no pet.) (per curiam) (mem. op.). An appeal from a post-

2

judgment order that is not appealable must be dismissed for lack of jurisdiction. *Sunnyland Dev., Inc.*, 597 S.W.3d at 3; *see also Phillips v. Sugar Creek Apartments*, No. 02-23-00107-CV, 2023 WL 3643674, at *1 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op.).

## II.     ANALYSIS

As stated previously, appellant attempts to appeal an order granting a second motion to enforce a mediated settlement agreement. On May 13, 2026, the Clerk of the Court notified appellant that it appeared the order she was attempting to appeal was unappealable. *See* TEX. R. APP. P. 37.1. The Clerk advised appellant that the appeal would be dismissed if the defect were not corrected within ten days from the date of the Court's directive. *See id.* R. 42.3.(a), (c). Appellant thereafter filed a "Response to Rule 42.3 Notice of Defect and, in the Alternative, Request for Construction as Petition for Writ of Mandamus." Appellant asserts that the order is appealable, and she alternatively requests that we construe her notice of appeal as a petition for writ of mandamus.

We first address appellant's contention that the order at issue is appealable. She asserts that post-judgment orders are appealable when they adjudicate new substantive rights or materially modify the judgment they implement, and the April 14, 2026 order does both. Appellant explains that a "June 5, 2025 Order Granting Plaintiffs' Motion to Enforce" required appellees to pay $100,000 to appellant's attorney within twenty-four hours; however, the April 14, 2026 order instead substitutes this provision with a deposit "in the registry of the court" as the operative payment mechanism, conditions the issuance of a writ of possession on that deposit and on filing evidence thereof and attaches a writ of possession.

3

Appellant's contentions are not tenable. As an initial matter, appellant compares the order at issue to a different order enforcing the trial court's judgment rather than to the judgment itself. Appellant neither addresses nor discusses the terms of the judgment. *See McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 284 (Tex. 2018) ("[W]hen a final judgment exists, a subsequent order that has no effect except to enforce provisions of the judgment does not qualify as another final judgment subject to appeal."). More fundamentally, though, an order enforcing a settlement agreement may be appealable if it disposes "of all parties and issues." *B.Z.B., Inc. v. Clark*, 273 S.W.3d 899, 902 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see Winfield v. Eagle Ranch Homeowners Ass'n*, No. 14-23-00353-CV, 2023 WL 4066780, at *1 (Tex. App.—Houston [14th Dist.] June 20, 2023, no pet.) (per curiam) (mem. op.). The order appealed from here contemplates and requires additional actions regarding the deposit of funds, an evidentiary showing, and the execution of a writ, and it thus fails to dispose of all parties and issues. *See Winfield*, 2023 WL 4066780, at *1; *B.Z.B., Inc.*, 273 S.W.3d at 902. Accordingly, we must dismiss the appeal for lack of jurisdiction. *See Phillips*, 2023 WL 3643674, at *1; *Sunnyland Dev., Inc.*, 597 S.W.3d at 3.

We next address appellant's request, made in the alternative, for the Court to construe her notice of appeal as a petition for writ of mandamus and "consolidate that construction" with a forthcoming petition for writ of mandamus. In this regard, appellant has now filed a petition for writ of mandamus in our appellate cause number 13-26-00426-CV regarding the same April 14, 2026 order that is at issue in this appeal. Because appellant has filed a petition for writ of mandamus, her request to treat this appeal as a mandamus has been rendered moot. *See Abbott v. Mex. Am. Legislative Caucus, Tex.*

4

*House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022); *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). Therefore, we dismiss appellant's motion to construe this appeal as a petition for writ of mandamus as moot.

### III. CONCLUSION

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over appellant's attempted appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JON WEST
Justice

Delivered and filed on the
17th day of July, 2026.